Mr. Craig Douglass Arkansas' Future Committee P.O. Box 7648 # 9 Gay Place Little Rock, Arkansas 72207
Dear Mr. Douglass:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) AN AMENDMENT TO ESTABLISH A STATE LOTTERY; TO PERMIT CHARITABLE BINGO GAMES AND RAFFLES CONDUCTED BY NONPROFIT ORGANIZATIONS; AND TO ALLOW VOTERS IN HOT SPRINGS TO DECIDE WHETHER OR NOT TO AUTHORIZE CASINO GAMBLING AT OR ADJACENT TO THE OAKLAWN RACETRACK AND AT TWO OTHER CASINO ESTABLISHMENTS IN HOT SPRINGS LOCATED AT SITES TO BE APPROVED BY THE GOVERNING BODY OF HOT SPRINGS
 (Ballot Title) A PROPOSED AMENDMENT TO THE ARKANSAS CONSTITUTION TO ESTABLISH A STATE-OWNED LOTTERY, TO BE REGULATED BY THE GENERAL ASSEMBLY; REQUIRING ALL STATE LOTTERY PROCEEDS, LESS EXPENSES AND PRIZES, TO BE APPROPRIATED AS FOLLOWS: 50% FOR LAW ENFORCEMENT, AND 50% TO LOCAL PUBLIC SCHOOL DISTRICTS (ALLOCATED BY AVERAGE DAILY ATTENDANCE); EXPRESSING INTENT THAT SUCH APPROPRIATIONS BE IN ADDITION TO AND NOT A SUBSTITUTE FOR FUNDS OTHERWISE APPROPRIATED FOR SUCH PURPOSES; PROHIBITING SALE OF LOTTERY TICKETS TO MINORS OR THROUGH PURCHASER-OPERATED DEVICES; PROVIDING BINGO GAMES AND RAFFLES MAY BE CONDUCTED FOR CHARITABLE PURPOSES BY NONPROFIT ORGANIZATIONS, AND SHALL BE REGULATED BY THE GENERAL ASSEMBLY; PROVIDING IF AUTHORIZED BY VOTERS IN THE CITY OF HOT SPRINGS, CASINO GAMBLING SHALL BE LAWFUL AT OR ADJACENT TO THE OAKLAWN RACETRACK, WHEN CONDUCTED BY A PARI-MUTUEL FRANCHISEE, AND AT TWO OTHER CASINO ESTABLISHMENTS IN HOT SPRINGS LOCATED AT SITES TO BE APPROVED BY THE GOVERNING BODY OF HOT SPRINGS; DEFINING CASINO GAMBLING AS WAGERING ON GAMES PLAYED WITH CARDS, DICE, OR ANY MECHANICAL, ELECTRICAL, ELECTRONIC, ELECTROMECHANICAL OR COMPUTER DEVICE; DEFINING OAKLAWN RACETRACK AS THE OAKLAWN RACETRACK SITE IN HOT SPRINGS WHERE PARI-MUTUEL WAGERING ON HORSE RACING WAS CONDUCTED IN 1995; DEFINING PARI-MUTUEL FRANCHISEE AS A PERSON OR ENTITY THAT HOLDS A PARI-MUTUEL FRANCHISE AND CONDUCTS PARI-MUTUEL WAGERING ON HORSE RACING AT OAKLAWN RACETRACK; PROVIDING FOR A LOCAL ELECTION IN HOT SPRINGS 90 TO 150 DAYS AFTER PASSAGE OF THE AMENDMENT AND FOR FUTURE ELECTIONS IN HOT SPRINGS REGARDING AUTHORIZATION OF CASINO GAMBLING AT THE LOCATIONS SET FORTH ABOVE; PROVIDING THE FORM OF BALLOT QUESTION FOR ANY SUCH LOCAL ELECTION; PROVIDING IF CASINO GAMBLING IS AUTHORIZED BY HOT SPRINGS VOTERS, SUCH AUTHORIZATION MAY NOT BE AMENDED OR REPEALED EXCEPT AT A SUBSEQUENT LOCAL ELECTION HELD NO EARLIER THAN FIVE YEARS THEREAFTER; PROVIDING THE GENERAL ASSEMBLY SHALL REGULATE SUCH CASINO GAMBLING AND PRESCRIBE PROCEDURES FOR ISSUING CASINO OPERATOR LICENSES TO A PARI-MUTUEL FRANCHISEE AND TWO OTHER PERSONS OR ENTITIES; PROVIDING CASINO GAMBLING AT OR ADJACENT TO OAKLAWN RACETRACK SHALL NOT BE LIMITED TO TIMES WHEN PARI-MUTUEL WAGERING IS CONDUCTED; REQUIRING THE GENERAL ASSEMBLY TO LEVY A PRIVILEGE TAX ON CASINO OPERATORS OF 14% TO 18% OF NET CASINO GAMBLING REVENUES; PROHIBITING OTHER SPECIAL TAXES OR FEES WITH RESPECT TO CASINO GAMBLING OR RELATED ACTIVITIES; ALLOCATING SUCH PRIVILEGE TAX 85% TO THE STATE, 10% TO HOT SPRINGS, AND 5% TO GARLAND COUNTY; PROHIBITING PERSONS UNDER AGE 21 FROM PARTICIPATING IN CASINO GAMBLING; PROHIBITING WAGERING ACTIVITIES OTHER THAN PARI-MUTUEL WAGERING ON HORSES AND GREYHOUNDS AND THOSE ACTIVITIES AUTHORIZED BY THE AMENDMENT OR ANY OTHER AMENDMENT(S) TO THE ARKANSAS CONSTITUTION APPROVED BY VOTERS AT THE NOVEMBER 5, 1996 GENERAL ELECTION; REPEALING ALL CONSTITUTIONAL PROVISIONS AND LAWS TO THE EXTENT THEY CONFLICT WITH THE AMENDMENT; RETAINING THE EXISTING CONSTITUTIONAL PROVISION MAKING HORSE RACING AND PARI-MUTUEL WAGERING THEREON LAWFUL IN HOT SPRINGS; RENDERING THE PROVISIONS OF THE AMENDMENT SEVERABLE; AND DECLARING THE AMENDMENT OPERATIVE UPON PASSAGE.
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)), else voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992) The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee, v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, your proposed popular name and ballot title is hereby approved as submitted.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh